# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

    Plaintiff,

v.

BALTIMORE COUNTY DEPT. OF
SOCIAL SERVICES, *et al.*,

    Defendants.

Civil Action No.: JKB-22-1225

## MEMORANDUM OPINION

The above-captioned complaint was filed by self-represented plaintiff Alexander Jiggetts on May 23, 2022, together with a motion to proceed in forma pauperis. Because he appears to be indigent, Jiggetts' motion to proceed in forma pauperis shall be granted.

However, the Complaint contains very little information about Jiggetts' claim against the Baltimore County Department of Social Services ("DSS"). Jiggetts simply states that on April 3, 2022, he sent a letter to the DSS asking for "Social Security SSI state supplement" because the Social Security Administration advised in a letter to Jiggetts that the State of Maryland has State administered supplements for SSI disability payments. ECF No. 1. Jiggetts explains he did not receive a response to his letter, prompting him to file the instant Complaint. *Id.*

As noted, Jiggetts filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Absent from the pleadings filed by Jiggetts is any allegation that he is entitled to State supplemental payments or that he properly applied for those benefits and was denied. It is therefore impossible to discern a viable cause of action from his Complaint. His filing therefore does not state a claim upon which relief may be granted and must be dismissed. A separate order follows.

Dated this 6 day of June, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge